Dear Mr. Burson:
Your opinion request asked the following questions on behalf of the St. Landry Parish Police Jury. Our opinions follow those questions.
 1. Once a prisoner has been sentenced for a felony and is remanded to the custody of the Louisiana Department of Corrections, does responsibility for payment for prison uniforms, soap, toilet articles then devolve upon the State and/or the Sheriff out of the daily stipend he receives from the State for keeping state prisoners in the parish jail?
The statutes pertinent to your question are La. R.S. 15:566A and15:824(B).
As we understand your question, only those prisoners who remain in the parish jail after sentencing, for appeal or for some other reason, are at issue.
La. R.S. 15:566A states as follows:
"Pendency of appeal, payments; delivery to penitentiary
 The Department of Corrections shall pay the sum of eighteen dollars and twenty-five cents per day to the sheriff of each parish, or to the governing authority of those parishes in which said authority operates the parish jail, for feeding and maintaining each prisoner who has been convicted of a crime and sentenced to imprisonment at a state penitentiary, who is held in the parish jail without bail, pending an appeal. Each sheriff shall file a monthly report with the Department of Corrections and the local governing authority and shall be paid for such charges on a monthly basis by the Department of Corrections. However, in the parish of Orleans, said payment shall be to the criminal sheriff of the parish of Orleans, to be reimbursed to the city of New Orleans.
 When the Department of Corrections makes payment in accordance with this Subsection, no additional compensation from the parish governing authority shall be paid for the care of such prisoners".
La. R.S. 15:824(B) reads as follows:
 "(1) In the event any individual has been committed to the department for confinement which is or has been delayed or prevented after final sentence by court order restricting the department from institutionalizing the individual, or when the individual is not institutionalized in a state penal or corrections institution because of lack of facilities under the control of the department, or the department otherwise refused to accept the individual for confinement, which resulted or has resulted in the individual being confined in a parish jail or institution after final sentence, or when he is being held in the parish jail without bail, pending an appeal, the department shall pay to each parish sheriff, or to the governing authority of those parishes in which the governing authority operates the parish jail, for keeping and feeding the individual in the parish jail the sum of eighteen dollars and twenty-five cents per day from date of sentencing until the individual is confined in a penal or correctional institution under the supervision of the department. The department shall, in addition, reimburse the cost of medical expenses furnished if free state facilities have not been utilized. The department shall require an inmate to file a claim for reimbursement with any available health or medical insurer in accordance with R.S. 15:831. Each sheriff shall file a monthly report with the department and be paid on a monthly basis.
 (2) When the state makes payment in accordance with this Subsection, no additional compensation from the parish governing authority shall be paid to the sheriff for the care of those prisoners being held for the department.
(3) . . .
In our opinion the costs of maintaining the prisoner in the parish jail in the circumstances set forth in these statutes is the responsibility of the Sheriff. R.S. 15:566 instructs the Department of Corrections to pay to the Sheriff of the parish, or the governing authority that operates the jail, the sum of $18.25 per day per prisoner for "feeding and maintaining each prisoner . . . who is held in the parish jail without bail, pending appeal". It is our opinion that the phrase feeding and maintaining each prisoner, incorporates the items in your inquiry, namely, prison uniforms, soap and toilet articles. The Sheriff or governing authority of the parish, maintaining the jail, receives the state funds and is then responsible for the cost of maintaining each prisoner.
 2. Your second question is similar to the first but specifically identifies the prisoners as those who are (1) sentenced to a state penitentiary and are held in the parish jail without bail pending appeal or (2) those prisoners who are sentenced to the state penal system "has been delayed or prevented after final sentence" because of federal court orders, lack of facilities or refusal of the Department of Public Safety to accept the prisoner. You ask if the prisoner's maintenance should be satisfied out of the $18.25 per diem to the sheriff or by the parish governing body out of the parish general fund.
La. R.S. 15:566 specifically governs the situation of a prisoner held in the parish jail without bond pending appeal. That statute provides that the maintenance shall be out of the $18.25 per diem and in the last paragraph of Section A states:
 "When the Department of Corrections makes payment in accordance with this Subsection, no additional compensation from the parish governing authority shall be paid for the care of such prisoners."
It is clear that no parish general funds are to be provided.
The second circumstance where confinement with the state has been delayed is covered by La. R.S. 15:824(B). This section, which also covers the pending appeal situation, specifically provides that the care and maintenance be paid for out of the $18.25 per diem paid to the sheriff or the governing authority operating the jail. B(2) further states that when the state makes payment in accord with this Subsection, no additional compensation from the parish governing authority shall be paid to the sheriff.
It is clear that in the circumstances set forth in the above cited statutes occur and the state pays to the appropriate authority the $18.25 per diem per prisoner, no further sums are due from the parish governing authority. It is solely the responsibility of the sheriff or jailer to maintain these prisoners out of the $18.25 per diem.
Trusting the above answers your questions, we remain
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
JMR:rjh 0403e